UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CRIMINAL No. 9:01CR24 |
| JAMES DARREN DILLARD | § | |

REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

On September 14, 2005, the Court conducted a hearing to consider the government's Petition to revoke the supervised release of James Darren Dillard. The government was represented by Reynaldo Morin, Assistant United States Attorney for the Eastern District of Texas, and the defendant was represented by retained counsel, John Heath, Jr.

Defendant plead guilty to one count of possession of a modified firearm not registered, in violation of 26 U.S.C. § 5861(d), a Class C felony. On September 26, 2001, U.S. District Judge Howell Cobb sentenced the defendant to 52 months in prison followed by 3 years supervised release. On December 23, 2004, defendant completed the term of imprisonment and began the term of supervised release.

The terms of supervised release contained mandatory, standard, and special conditions. The mandatory condition required defendant to submit to one drug test within 15 days of release from imprisonment, and at least two more drug tests thereafter. Under the standard conditions, defendant was required to notify his probation officer at least 10 days before changing residences, and report being questioned or arrested by a law enforcement officer within 72 hours. As a special condition, defendant was required to participate in a program of testing and treatment for drug abuse.

On April 25, 2005, defendant tested positive for cocaine, and on June 10, 2005, defendant tested positive for amphetamine. On or about July 10, 2005, defendant changed residences without notifying the probation officer, and on July 8, 2005, defendant was arrested for unlawful possession of a firearm by the Lufkin Police Department ("LPD"), and failed to notify the probation office of this arrest within 72 hours. Finally, defendant failed to report for drug counseling sessions on July 8, 14, 22, 29, 2005. Based on these four violations, the government brings this petition to revoke defendant's supervised release.

According to U.S.S.G. § 7B1.3(a)(2), the Court may revoke supervised release and impose a term of imprisonment if a defendant violates any condition of supervised release. Considering that defendant was originally convicted of a Class C felony, 18 U.S.C. § 3583(e)(3) provides that the Court may impose a term of imprisonment no longer than two years upon revocation of defendant's supervised release. Defendant's failure to notify the probation office after changing residences and after being arrested, as well as defendant's failure to appear for drug counseling, constitute Grade C Violations under U.S.S.G. § 7B1.1(a)(3). The guideline range for Grade C violations is 6-12 months. However, defendant also committed a Grade B violation by testing positive for cocaine and amphetamine, which triggers a guideline range of 12-18 months.

Defendant plead True to failing to appear for drug counseling sessions on July 8, 14, 22, 29, 2005, and the government recommended the Court impose a 9 month term of imprisonment with no supervised release to follow. The defendant had no objection to the government's recommendation, but requested that the Court recommend that the term of imprisonment be served in a Level 2 security facility within the Bureau of Prisons.

The Court finds that the defendant's plea was made freely and voluntarily and that the

defendant is competent to enter this plea. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the defendant, James Darren Dillard, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 9 months with no supervised release to follow. Additionally, the Court recommends that defendant's term of imprisonment be served in a Level 2 security facility.

**SIGNED** this **15** day of **September, 2005.**

                                            HARRY W. McKEE
                                            UNITED STATES MAGISTRATE JUDGE